# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**CHRISTOPHER A. THORNSBERRY**                            **PLAINTIFF**
**ADC #169180**

v.                    No: 2:21-cv-00169 LPR-PSH

**CARRIE GRANVILLE,** *et al.*                                     **DEFENDANTS**

## ORDER

Plaintiff Christopher A. Thornsberry, an inmate at the Arkansas Division of Correction's East Arkansas Regional Unit, filed this *pro se* 42 U.S.C. § 1983 action on December 17, 2021 (Doc. No. 2). At the Court's direction, Thornsberry filed an Amended Complaint to clarify his claims (Doc. No. 4). Thornsberry's application to proceed *in forma pauperis* was granted, and service was ordered on defendants Corporal Counselor, Sergeant Carrie Granville, Corporal Streeter, and Corporal Qudarius Morris (the "Defendants"). Doc. Nos. 3, 7 & 26. Thornsberry sues Defendants in their official and personal capacities and seeks compensatory, punitive, and nominal damages. *See* Doc. No. 4 at 2 & 11.

Defendant Granville moves to dismiss Thornsberry's claims against her for failure to state a claim upon which relief may be granted. Doc. Nos. 16-17. Specifically, Granville argues that Thornsberry's allegations, even if true, do not state a cognizable claim of a constitutional violation. Doc. No. 17. She also argues

that Thornsberry's official capacity claims for money damages are barred by sovereign immunity. *Id.*

Thornsberry filed a response to Granville's motion (Doc. No. 23). In his response, Thornsberry includes additional factual allegations regarding his claims against Granville that were not present in his Amended Complaint. Specifically, he asserts, for the first time, that Granville was involved in having the attacker placed in his cell and that Granville knew this inmate wanted to cause Thornsberry harm because she heard him calling Thornsberry profane names and threatening him many times before. Doc. No. 23 at 2-4.

The Court cannot consider allegations outside Thornsberry's amended complaint when making a recommendation on Granville's motion to dismiss. *See Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998) ("When analyzing a dismissal under Rule 12(b)(6), we accept the factual allegations *contained in the complaint* as true and construe them in the light most favorable to the plaintiff.") (emphasis added). Accordingly, the Court will allow Thornsberry the opportunity to amend his complaint one final time. If he intends to do so, he must file a Second Amended Complaint by October 31, 2022. If he does not, the Court will consider only the factual allegations present in Thornsberry's Amended Complaint (Doc. No. 4) when the Court analyzes Granville's Motion to Dismiss. If Thornsberry timely files a Second Amended Complaint, Granville shall have 21 days

to renew or amend her motion to dismiss or otherwise respond to the Second Amended Complaint.

The Clerk of Court is directed to send a blank § 1983 complaint form to Thornsberry. Thornsberry is cautioned that a Second Amended Complaint will render his Amended Complaint without legal effect; only claims properly set out in the Second Amended Complaint will be allowed to proceed.

IT IS SO ORDERED this 29th day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE