IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**CHRISTOPHER A. THORNSBERRY**                                                           **PLAINTIFF**
**ADC #169180**

v.                            No: 2:21-cv-00169 LPR-PSH

**CARRIE GRANVILLE,** *et al.*                                                                  **DEFENDANTS**

## ORDER

Plaintiff Christopher A. Thornsberry moves for default judgment against defendants Jerrell Streeter and Indigol Counselor because they have not responded to his discovery requests (Doc. No. 98). Default judgment as a discovery sanction is not appropriate in this case because Thornsberry has not followed the procedures set forth in Federal Rule of Civil Procedure 37(a) for compelling a response to his discovery. He must first attempt to confer with the defendant in good faith, and if that fails, file a motion to compel with the Court. Only when a defendant fails to comply with a Court order compelling discovery responses, may a plaintiff file a motion for default judgment.

The Court also notes there is no evidence that either Streeter or Counselor have received Thornsberry's discovery requests and failed to respond. Thornsberry filed several interrogatories with the Court early in this case. *See* Doc. Nos. 37-40. In response, the Court entered an Order informing Thornsberry that discovery

requests must be served directly on a party's opposing counsel. *See* Doc. No. 41. Although Streeter and Counselor had made no appearance in the case at that time and had no counsel, Thornsberry made no request asking the Court to forward his discovery requests to either defendant at their addresses under seal.[1]

Finally, a motion for default judgment is premature in this case. Federal Rule of Civil Procedure 55 contemplates a two-step process for the entry of default judgments where a party has not defended the lawsuit. First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *See Dahl v. Kanawha Inv. Holding Co.,* 161 F.R.D. 673, 683 (N.D. Iowa 1995). **The Court emphasizes that entry of default is separate from default judgment – one must occur before the other.** *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *see also Hagen v. Sisseton-Wahpeton Community College,* 205 F.3d 1040, 1042 (8th Cir. 2000) (citing *Johnson* for this requirement). In this case, the Clerk of Court has entered default against defendant Counselor (*see* Doc. No.

---

[1] The Court notes that at this juncture in the case, it was not clear whether these defendants had been properly served with process. To ensure they were served, the Court ordered the United States Marshal to personally serve them at their sealed addressed with an Order to Show Cause on December 13, 2022. *See* Doc. No. 50-1 & 51.

104), and the Court has entered a Second Order to Show Cause with respect to defendant Streeter to determine if default should be entered against him (*see* Doc. No. 103). The Court will review any response filed by Streeter and determine if default should be entered against him.

Due to limitations on awarding default judgments, the Court will not entertain a motion for default judgment until all dispositive motions are decided and this case is ready for trial. In determining whether default judgment should be awarded, "it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *See Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (internal quotations omitted). Further, the Court must also consider whether inconsistent judgments will result if one party defends and prevails on the merits while another party suffers a default judgment. *See Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004). For these reasons, the motion for default (Doc. No. 98) is DENIED.

IT IS SO ORDERED this 2nd day of August, 2023.

_____
UNITED STATES MAGISTRATE JUDGE